UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 14-cr-007 (RC) |
| | : | |
| MATTHEW SCANLON, | : | Re Document No.: 31 |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

### I. INTRODUCTION

Before the Court is Defendant Matthew Scanlon's motion for early termination of supervised release. *See* Defendant's Motion for Early Termination of Supervised Release ("Def.'s Mot."), ECF No. 31. For the following reasons, the Court denies Scanlon's motion.

### II. FACTUAL BACKGROUND

Matthew Scanlon pleaded guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See* Judgment in a Criminal Case ("Judgment"), ECF No. 26.

Scanlon came to the attention of law enforcement when he responded to an advertisement posted by Detective Timothy Palchak, an undercover police officer, on a social media website. Statement of the Offense, ECF No. 11 ¶¶ 1–2. Scanlon and Detective Palchak engaged in email and text message conversations over the course of seven days, in which Scanlon sent Detective Palchak one image and two videos of child pornography. *Id.* ¶¶ 3–5. One of the videos depicted a sexual act with a toddler, and the other portrayed a sexual act with an infant no older than two

years of age. *Id.* ¶ 5. Scanlon also discussed logistics for a meeting with Detective Palchak for the purposes of having sexual contact with Detective Palchak's fictitious twelve-year-old daughter. *Id.* ¶¶ 6–7. Scanlon, who lived in Maryland, eventually drove to an agreed upon location in Washington, D.C. to meet with Detective Palchak, where he was arrested. *Id.* ¶¶ 2, 8.

At sentencing, the Court considered the Presentence Investigation Report, the Probation Office's sentencing recommendation, the sentencing memoranda filed by the United States and Scanlon, and the parties' oral arguments. *See* Presentence Investigation Report, ECF No. 14; Probation Officer's Sentencing Recommendation, ECF No. 15; Government's Memorandum in Aid of Sentencing, ECF No. 18; Defendant's Sentencing Memorandum, ECF No. 19. After balancing the sentencing factors in 18 U.S.C. § 3553(a), the Court imposed a sentence of 51 months of incarceration to run concurrently on each count, and 120 months of supervised release to run concurrently on each count. *See* Judgment.

Scanlon moves for early termination of his supervised release. Def.'s Mot. at 1. Scanlon served his full sentence of incarceration and has served approximately seven years of his ten-year sentence of supervised release. *Id.* The Probation Office and the Government have not filed a response to Scanlon's Motion.

Scanlon states that "[h]e is in full compliance with all terms and conditions [of his release]." *Id.* at 1–2. According to Scanlon's motion, his probation officer, Kathleen Galloway, confirmed that Scanlon completed sex offender treatment, is compliant with the sex offender registry, and the monitoring software installed on his cell phone has not raised concerns. *Id.* at 2. His motion also notes that Scanlon has completed "five polygraph examinations and each has shown 'no deception noted.'" *Id.* In his personal life, Scanlon has obtained an Associate's

2

degree in Business and a Bachelor of Science in Information Technology, started a new career, purchased a house, married, and had a baby.  *Id.*

### III.  LEGAL STANDARD

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which requires the Court to consider factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  18 U.S.C. § 3583(e)(1); *see United States v. Mathis-Gardner*, 783 F.3d 1286, 1288 (D.C. Cir. 2015) (holding that "a district court must consider the specified § 3553(a) factors before denying a motion for early termination of supervised release").  The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements issued by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense.

*United States v. Kaplan*, No. 14-cr-226, 2021 WL 4521041, at *2 (D.D.C. Oct. 4, 2021).  After considering the § 3553(a) factors, the Court may "terminate a term of probation previously ordered and discharge the defendant . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  Although the Court need not provide an in-depth analysis of the § 3553(a) factors "where the reasons for denying the motion are apparent from the record," the Court must "provide some indication of [its] reasons" when the defendant has presented a substantial argument that changed circumstances render a previously imposed sentence inappropriate.  *See Mathis-Gardner*, 783 F.3d at 1289–90.

## IV.  ANALYSIS

Scanlon requests that the Court consider early termination of his supervised release based on "his good conduct and in the interest of justice."  Def.'s Mot. at 1.  When imposing Scanlon's sentence, the Court carefully considered the relevant § 3553(a) factors.  The Court determined that a sentence of 51 months of imprisonment followed by 120 months of supervised release would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.  *See generally* Judgment; Statement of Reasons, ECF No. 27.  The Court reviews the § 3553(a) factors once more, in light of Scanlon's current circumstances, and holds that early termination of supervised release is not warranted.

1. Nature and Circumstances of the Offense

The first § 3553(a) factor—the nature and circumstances of Scanlon's offense—weighs against early termination of supervised release given the seriousness of the conduct.  Scanlon engaged in conversation with an undercover detective in which Scanlon repeatedly expressed his desire to engage in sexual conduct with the detective's purported twelve-year-old daughter, and he subsequently traveled across state lines in an attempt to follow through on that desire.  Statement of the Offense ¶¶ 2–3, 6–8.  Moreover, during his correspondence with the detective, Scanlon sent the detective a photograph and two videos of child pornography, one of which depicted an approximately two-year-old infant being subjected to intercourse with an adult.  *Id.* ¶ 5.

When weighing the nature and circumstances of the offense, the Court is mindful of Scanlon's history and characteristics.  To his credit, Scanlon has served approximately seven years of probation without an infraction, graduated from college, has a career, a house, a wife, and a baby.  Def.'s Mot. at 1–2.  The Court, however, considered the seriousness of Scanlon's

offense in determining his initial sentence, and Scanlon's compliance with the terms of his supervised release is to be expected. *See United States v. Cymerman*, No. 15-cr-00179, 2023 WL 8005095, at *3 (D.D.C. Nov. 17, 2023) ("[M]odel conduct and compliance is expected 'of a person under the magnifying glass of supervised release'" (quoting *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93–94 (D.D.C. 2015))). At sentencing, the Court concluded that Scanlon's apparent attraction to children justified significant restrictions to his liberty subsequent to release from incarceration. And the Court further explained that given the entire record, the Court intended to shorten the length of his incarceration below the guidelines range *and substitute such incarceration with stringent condition*s. Re-weighing the nature and circumstances of Scanlon's offense against his subsequent conduct, the Court finds that this factor favors denying early termination of supervised release.

2. Deterrence and Public Protection

The second and third § 3553(a) factors—the importance of providing adequate deterrence of criminal conduct and protecting the public—are particularly weighty here because the victims of Scanlon's offense conduct were children, some of the most vulnerable members of our society. While supervised release "fulfills rehabilitative ends," *United States v. Johnson*, 529 U.S. 53, 59 (2000), it also serves purposes of deterrence, *see Cymerman,* 2023 WL 8005095, at *2. Given the high degree of danger posed to the public in sex offense cases in the event of recidivism, there is a strong interest in ensuring that Scanlon remains subject to the conditions of supervised release to deter Scanlon from recidivism and protect the public. In particular, the Court views it as very important that Scanlon's internet access—which facilitated the activity leading to his conviction—continues to be monitored. At sentencing, the Court considered these

§ 3553(a) factors and found the sentence to provide adequate deterrence and protection for the public. The Court reaffirms that decision here.

### 3. Correctional Treatment

The fourth § 3553(a) factor—the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment—weighs slightly in favor of termination of supervised release. On the one hand, Scanlon has completed sex offender treatment and, as explained above, has obtained a degree, a career, a spouse, and had a child of his own. Def.'s Mot. at 2. There is limited additional correctional treatment that the Court can provide. On the other hand, continued compliance and improvement may be partially attributable to the conditions of Scanlon's supervised release. Compliance is "expected of a person on supervised release," and courts have denied motions for early termination despite "law-abiding conduct and personal successes . . . ." *United States v. Longerbeam*, 199 F. Supp. 3d 1, 2–3 (D.D.C. 2016). Despite Scanlon's educational, vocational, and personal successes, the Court does not consider this factor alone when evaluating whether to terminate supervised release.

### 4. Sentencing Guidelines Range and Avoiding Sentencing Disparities

With respect to the fifth and sixth factors—the applicable sentencing guideline range for the offense and avoidance of sentencing disparities—the Court observes that Scanlon was sentenced to less than four years of imprisonment and to less than the full statutorily authorized term of supervised release. Scanlon's prison sentence is well below the applicable sentencing guideline range and similar to sentences imposed on other defendants in analogous

circumstances.[1]  As it has done in other cases of this type, "the Court imposed a sentence below the low end of the Guidelines range, but substituted some period of incarceration with a lengthy period of intense supervision."  *Cymerman,* 2023 WL 8005095, at *3.  Furthermore, the U.S. Sentencing Guidelines policy statements reflect a policy of limiting leniency for sex offense cases.  *See* U.S.S.G. § 5D1.2 ("If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended.").  This factor, therefore, also weighs against granting early termination.[2]

* * *

"After considering the § 3553(a) factors, the Court must also determine whether early termination is 'warranted by the conduct of the defendant released and the interest of justice.'"  *Cymerman*, 2023 WL 8005095, at *3.  Courts have granted supervised release where the defendant's rehabilitation is "remarkable" or in a "rare case[] of exceptionally good behavior."  *United States v. Etheridge*, 999 F. Supp. 2d 192, 194, 196 (D.D.C. 2013) (internal quotation marks omitted).  Nevertheless, while a defendant need not show "extraordinary or unusual conduct" to warrant termination of supervised release, *see United States v. Harris*, 258 F. Supp. 3d 137, 149–50 (D.D.C. 2017), "mere compliance with the conditions of release" is insufficient to merit early termination because model conduct and compliance is expected "of a person under the magnifying glass of supervised release," *Mathis-Gardner*, 110 F. Supp. 3d at 93–94 (internal quotation marks and citation omitted).  If perfect compliance alone were enough to terminate

---

[1]  The applicable guideline sentencing range for this case was 97 months to 121 months of imprisonment and 5 years to life of supervised release.  Statement of Reasons at 1.

[2]  The restitution factor has limited relevance to Scanlon's motion because he has no restitution obligations.  *See generally* Judgment.

supervised release, "the exception would swallow the rule." *Etheridge*, 999 F. Supp. 2d at 196 (internal quotation marks and citation omitted)).

The Court recognizes that Scanlon's conduct during supervised release has been highly compliant. His efforts in pursuing higher education and maintaining a career are commendable, as is his progress with personal and familial relationships. The Court encourages Scanlon to continue on this upward trajectory. Nevertheless, after evaluating the § 3553(a) factors with particular focus on the nature and circumstances of Scanlon's offense, and the fact that the Court envisioned, at the time of sentencing, a lengthy period of intense supervision, the Court holds that early termination of supervised release is not in the interests of justice at this time. Accordingly, the Court denies Scanlon's motion for early termination.

## V.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release (ECF No. 31) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 22, 2024                                        RUDOLPH CONTRERAS
                                                              United States District Judge